Hvizda *v.* Jeddo Highland Coal Company, Appellant.

Argued October 6, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*C. A. Whitehouse,* Associate Counsel, with him *Ralph H. Behney,* Counsel, for State Workmen's Insurance Fund, appellant.

*Thomas B. Noonan,* with him *Thomas L. Kennedy, Jr.,* for claimant, appellee.

OPINION BY RENO, J., December 29, 1953:

Andrew Hvizda became totally disabled by anthracosilicosis on March 5, 1951, and his last day of employment by Jeddo Highland Coal Company was January 31, 1949. Pursuant to an agreement of counsel dated March 8, 1951, an award was entered on May 16, 1951, for compensation under the Pennsylvania Occupational Disease Act for 200 weeks at the rate of $20 a week, a total of $4000. After receiving compensation for 52 weeks, he died on March 10, 1952. On April 7, 1952, his widow, the appellee, filed a claim for the unpaid balance of the deceased's compensation and for $200 burial expenses. Her entire claim was allowed by the referee, and his action was affirmed by the Board and the court below. State Workmen's Insurance Fund, the employer's insurance carrier, and the Commonwealth, appealed.

Appellants concede that the claim of deceased's widow for the unpaid balance of his compensation is valid and its sole contention here relates to her claim for burial expenses. Her husband died more than 3 years after the date of his last employment and upon this fact appellants based their argument that she is not entitled to recover the burial expenses.

This issue has been set at rest by *Kugris v. Hammond Coal Co.,* 174 Pa. Superior Ct. 376, 101 A. 2d 155,

decided this day, and further discussion is unnecessary. If anything, the instant case is stronger than the *Kugris* case, since Hvizda died while he was still receiving the compensation awarded for the loss of wages. Affirmance might well have been based upon the able opinion of Judge LEWIS of the court below, whose learned and exhaustive analysis of the statutory and decisional law was available for the formulation of the Kugris opinion.

Judgment affirmed.